UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 18 2012 ★

LONG ISLAND OFFICE

MICHAEL PUGLISI on behalf of himself and
all other similarly situated consumers

Plaintiff,

-against-

MERCANTILE ADJUSTMENT BUREAU, LLC

Defendant.

CV 12 2519

BIANCO, J.

LINDSAY, M

**CLASS ACTION COMPLAINT**

*Introduction*

1. Plaintiff Michael Puglisi seeks redress for the illegal practices of Mercantile Adjustment Bureau, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Williamsville, New York.

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Michael Puglisi*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about April 27, 2012, Defendant Mercantile Adjustment Bureau, LLC, sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. On or about December 14, 2010, the Plaintiff's attorney, Fagenson & Puglisi sent a letter to a purchaser of charged off receivables, Cach LLC., who had assigned this debt to Mercantile Adjustment Bureau, LLC for collection, informing the Defendant that Fagenson & Puglisi represents Plaintiff, Michael Puglisi.

12. Defendant, Mercantile Adjustment Bureau, LLC should have known that the Plaintiff was represented by counsel and did not wish to be contacted by Defendant.

13. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.

14. Defendant violated 15 U.S.C. § 1692c by contacting a represented party directly and by refusing to cease contacting the Plaintiff upon being requested in writing to do so.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

15. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this cause of action.

16. This cause of action is brought on behalf of plaintiff and the members of a class.

17. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. § 1692c for contacting a represented party.

18. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     Based on the fact that the form collection letters which are at the heart of this litigation are mass-mailed, the class is so numerous that joinder of all members is impracticable.

(B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C)     The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

19.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the

risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

22. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

23. Because the defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 16, 2012

_____

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

## FAGENSON & PUGLISI
Attorneys at Law
450 Seventh Avenue
Suite 704
New York, NY 10123

Lawrence M. Fagenson
Concetta Puglisi
Novlette Kidd

Tel (212) 268-2128
Fax (212) 268-2127

December 14, 2010

CACH LLC.
4340 S. Monaco, 2nd Floor
Denver, Colorado 80237

Re: Our client: Michael Puglisi
Original Creditor: Credit One Bank NA
Account No.: ▆▆▆▆▆▆▆▆▆▆

Dear Sir/Madam:

Please be advised that Fagenson & Puglisi represents Michael Puglisi. Mr. Puglisi disputes the debt you are attempting to collect.

Please provide this office with the name and address of the original creditor, documentation supporting your claim, and your New York City Department of Consumer Affairs license number. Do not contact our client directly. Delete or correct any negative entry which you may be reporting to the credit reporting agencies in accordance with the Fair Credit Reporting Act.

Should you have any questions please contact the undersigned. Fagenson & Puglisi is not authorized to accept service of process on behalf of any client.

Very truly yours,
FAGENSON & PUGLISI

Concetta Puglisi, Esq.

CP: mo
cc: Michael Puglisi

# CACH, LLC

January 10, 2010

Concetta Puglisi, Esq.
Fagenson & Puglisi
Attorneys at Law
450 Seventh Ave, Ste 704
New York, NY 10123

    Re:    PUGLISI, MICHAEL
             Written Dispute Dated: Dec 14, 2010

Dear Concetta Puglisi;

We are in receipt of your written dispute referenced above. CACH, LLC is a purchaser of charged off receivables. CACH, LLC does not engage in any direct collection activity. Accounts are placed for collection with third party law firms and collection agencies. Our investigation into your dispute reveals the following information.

6341 Inducon Drive East
Sanborn, NY 14132-9097



**MERCANTILE**
*Innovative Solutions, Exceptional Results*

Toll Free #: 1-866-839-7277

| Account Number: | 4447962151208026 |
|---|---|
| Reference Number: | 17998582 |
| **Amount Enclosed: $** | |



April 27, 2012

Secure online payment can be made at:
www.mercantilewebpymt.com   Pass Phrase: 97983

SF01                    A-01-VUD-AM-11447-51

MICHAEL PUGLISI
140 CHELTENHAM RD
WEST BABYLON NY 11704-4946



**Make Check Payable to:**

MERCANTILE ADJUSTMENT BUREAU, LLC
PO BOX 9016
WILLIAMSVILLE NY 14231-9016

---

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

April 27, 2012

MICHAEL PUGLISI
140 CHELTENHAM RD
WEST BABYLON NY 11704-4946

**ACCOUNT NO:**
**REFERENCE NO:**  17998582

**PREVIOUS CREDITOR:** CREDIT ONE BANK NA
**CURRENT CREDITOR:** RAZOR CAPITAL LLC
**BALANCE:** $946.77

Your account with RAZOR CAPITAL LLC has been listed with our office for collection. The balance due is $946.77.

Please be advised that our client has authorized us to offer you substantial savings to settle this account. We will accept $616.00 if payment is received by 06-06-12. Contact our office for more information.

For no charge you may make the payment through our secure online site. Your online payment can be made at www.mercantilewebpymt.com. Once you are on the site use Pass Phrase: 97983

Depending on the amount of principal debt discharged our client may be required by law to report the settlement on a Form 1099c. You should consult with an independent tax advisor if you have questions about the possible tax consequences which may result from this settlement.

MERCANTILE ADJUSTMENT BUREAU, LLC
1-866-839-7277

OFFICE HOURS: MON - THURS 8 AM - 9 PM,
FRI 8 AM - 5 PM EST

Please send payments or correspondence to MERCANTILE ADJUSTMENT BUREAU, LLC, PO BOX 9016, WILLIAMSVILLE NY 14231-9016.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you notify this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance purposes.

The account balance may periodically increase due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by law.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

New York City Department of Consumer Affairs License Number(s) 1310227, 1310229 & 1310230.